

FILED
JOHN P. HEHMAN
CLERK

2014 MAY -7 PM 4: 04

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
SOUTHERN DIV CINCINNATI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **1:14CR 046** |
| | : | |
| Plaintiff, | : | **JUDGE** |
| | : | |
| v. | : | **INDICTMENT** |
| | : | |
| | : | 18 U.S.C. § 1343; |
| JAMES JAMISON, | : | 18 U.S.C. § 1341; |
| a/k/a "James Anthony Jamison," | : | 18 U.S.C. § 1028A(a)(1) and (c)(5); |
| a/k/a "James A Jamison," | : | 18 U.S.C. § 1029(a)(2) and (c)(1)(a)(i); |
| a/k/a "Jermaine Jamison," | : | 18 U.S.C. § 641; |
| | | 18 U.S.C. § 1344 |
| Defendant. | | |
| | | **Forfeiture Notice** |

## THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment:

1.      Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," resided in Cincinnati, Ohio, within the Southern District of Ohio.

2.      A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number or date of birth.

3.      An "access device" was any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment or instrument identifier, or other means of account access, that could be used alone or in conjunction with another access device, to obtain money,

goods, services, or any other things of value, or that could be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument), such as a bank account number.

4. An "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the federal tax laws of the United States, and collecting taxes owed to the United States.

### COUNTS 1-9
### (Wire Fraud)

1. The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. From in or about June 2009 until April 2013, within the Southern District of Ohio and elsewhere, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate and foreign commerce, communication, signals and writings, to wit: electronically filed federal tax returns.

### The Scheme and Artifice to Defraud

3. It was part of the scheme and artifice that Defendant JAMES JAMISON obtained the names and Social Security numbers of individuals.

4. It was further part of the scheme and artifice that Defendant JAMES JAMISON electronically filed false tax returns with the IRS using the names and Social Security numbers of individuals without their knowledge or consent.

2

5.     It was further part of the scheme and artifice that Defendant JAMES JAMISON kept the means of identification used for the purpose of preparing false tax returns for use in subsequent tax years for filing additional false tax returns.

6.     It was further part of the scheme and artifice that Defendant JAMES JAMISON called the IRS Hotline, debit card support hotlines, and various financial institutions to track the status of the false tax return and refund.  Additionally, Defendant JAMES JAMISON checked the status of fraudulent tax refunds using mobile banking applications on his cellular telephones.

7.     It was further part of the scheme and artifice that Defendant JAMES JAMISON used the means of identification to prepare and file false federal tax returns from various locations in Cincinnati, Ohio.  These tax returns contained fabricated information as it related to the taxpayer, including addresses, dependents, occupations, income amounts and education expenses.  The inclusion of this false information often qualified the taxpayer listed on the return to receive the Earned Income Credit, Additional Child Tax Credit, Fuel Tax Credit and American Opportunity Credit, which resulted in even greater refund amounts.

8.     It was further part of the scheme and artifice that Defendant JAMES JAMISON directed the method by which the tax refund would be received, to include the direct deposit of tax refunds into bank accounts in his name or accounts he controlled in the names of other individuals.

9.     It was further part of the scheme and artifice that Defendant JAMES JAMISON applied online to open bank accounts in the names of individuals using their Social Security numbers without their permission for purposes of receiving the fraudulent tax refunds.

3

10.  It was further part of the scheme and artifice that Defendant JAMES JAMISON would and did call financial institutions impersonating the individuals in whose names he opened bank accounts in order to effectuate transactions or obtain information.

**The Wire Communications**

11.  On or about each of the dates listed below for each count, within the Southern District of Ohio, Defendant JAMES JAMISON, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writing, signs, signals, pictures and sounds as described for each count below:

| Count | Date of Offense | Wire Communication |
|-------|-----------------|--------------------|
| 1 | 2/10/2010 | Electronic 2009 Tax Return for "J.A." Claiming a Refund of $3,611 |
| 2 | 2/02/2013 | Electronic 2012 Tax Return for "J.A." Claiming a Refund of $2,549 |
| 3 | 2/10/2011 | Electronic 2010 Tax Return for "C.E." Claiming a Refund of $4,069 |
| 4 | 2/01/2012 | Electronic 2011 Tax Return for "S.J." Claiming a Refund of $3,713 |
| 5 | 10/15/2009 | Electronic 2008 Tax Return for "T.W." Claiming a Refund of $7,929 |
| 6 | 2/16/2012 | Electronic 2011 Tax Return for "D.J." Claiming a Refund of $975 |
| 7 | 6/17/2009 | Electronic 2008 Tax Return for "D.H." Claiming a Refund of $3,836 |
| 8 | 3/03/2010 | Electronic 2009 Tax Return for "D.H." Claiming a Refund of $3,611 |
| 9 | 2/03/2013 | Electronic 2012 Tax Return for "T.P." Claiming a Refund of $5,315 |

**All in violation of Title 18, United States Code, Section 1343.**

## COUNTS 10-12
### (Mail Fraud)

1.      The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      On or about each of the dates listed below for each count, within the Southern District of Ohio and elsewhere, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be delivered by mail, for the purpose of executing or attempting to execute such scheme as described in Paragraphs 3 through 10 of Counts 1-9, the mail matter identified below:

| Count | Date of Offense | Mail Matter |
|-------|-----------------|-------------|
| 10 | 2/28/2012 | Paper 2011 Tax Return for "K.J." Claiming a Refund of $3,739 |
| 11 | 8/02/2012 | Paper 2011 Tax Return for "C.E." Claiming a Refund of $3,713 |
| 12 | 2/02/2013 | Paper 2012 Tax Return for "J.J." Claiming a Refund of $7,889 |

**All in violation of Title 18, United States Code, Section 1341.**

## COUNTS 13-17
### (Aggravated Identity Theft)

1.      The factual allegations contained in Paragraphs 1 through 5 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      On or about the dates set forth below, within the Southern District of Ohio, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," did knowingly transfer, possess, and use a means of identification of another person without lawful authority during and in relation to the felony offenses of wire

5

fraud and mail fraud, to wit: he knowingly transferred, possessed and used the name and Social

Security number of an actual person, identified below using initials, to fraudulently obtain a tax

refund through the filing of a false federal income tax return:

| Count | Date of Offense | Related Felony | Individual |
|-------|-----------------|----------------|------------|
| 13 | 2/02/2013 | Ct. 2 – Wire Fraud | J.A. |
| 14 | 2/01/2012 | Ct. 4 – Wire Fraud | S.J. |
| 15 | 2/03/2013 | Ct. 9 – Wire Fraud | T.P. |
| 16 | 2/28/2013 | Ct. 10 – Mail Fraud | K.J. |
| 17 | 2/02/2013 | Ct. 12 – Mail Fraud | J.J. |

**All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5).**

## COUNTS 18-20
### (Using an Unauthorized Access Device)

1.      The factual allegations contained in Paragraphs 1 through 5 of the Introduction

Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      On or about the dates set forth below, in the Southern District of Ohio and

elsewhere, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison,"

and "Jermaine Jamison," knowingly and with intent to defraud, used the bank account numbers

listed below, which were obtained with intent to defraud using the personal information of the

individuals identified below using initials, and by such conduct, from on or about the dates set

forth, obtained tax refund money in the amounts listed, said use affecting interstate commerce, in

that the tax refund monies were electronically wire transferred through financial institutions:

| Count | Date Access Device Used | Bank Account Number | Date Funds Obtained | Amount Obtained |
|-------|-------------------------|---------------------|---------------------|-----------------|
| 18 | 10/15/2009 | PNC Bank Account xxx3224 of "L.J." | 10/30/2009 | $7,884.10 |
| 19 | 3/03/2010 | PNC Bank Account xxx1921 of "L.J." | 6/09/2010 | $3,551.87 |
| 20 | 10/22/2012 | Fifth Third Bank Account xxx1772 of "D.J." | 11/21/2012 | $5,745.07 |

**All in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(a)(i).**

## COUNTS 21-27
### (Theft of Government Money)

1.  The factual allegations contained in Paragraphs 1 through 2 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.  On or about the dates set forth below, in the Southern District of Ohio, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," willfully and knowingly did steal and purloin government benefits in the amounts as identified below through the submission of a false application for benefits to Hamilton County Job and Family Services, wherein he failed to disclose income received from the filing of false tax returns, such benefits being the goods and property of the United States:

| Count | Date | Type of Government Benefit | Amount Received |
|-------|------|----------------------------|-----------------|
| 21 | 4/25/2012 | Food Stamps (S.N.A.P.) | $200 |
| 22 | 6/01/2012 | Food Stamps (S.N.A.P.) | $200 |
| 23 | 4/01/2013 | Food Stamps (S.N.A.P.) | $200 |
| 24 | 6/01/2013 | Food Stamps (S.N.A.P.) | $200 |
| 25 | 3/01/2013 | Cash Assistance | $115 |
| 26 | 4/01/2013 | Cash Assistance | $115 |
| 27 | 5/01/2013 | Cash Assistance | $115 |

**All in violation of Title 18, United States Code, Section 641.**

## COUNTS 28-29
### (Bank Fraud)

1.  The factual allegations contained in Paragraphs 1 through 3 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

7

**Further, at all times material herein:**

2.     The Federal Deposit Insurance Corporation insured the deposits of First Financial Bank, a banking institution with branches in Cincinnati, Ohio.

3.     The Federal Deposit Insurance Corporation insured the deposits of Chase Bank, a banking institution with branches located in Cincinnati, Ohio.

4.     For the purposes of describing the crimes charged in Counts 28 and 29:

(a) The "available balance" in a bank checking account is the total amount of legitimate funds (based on the deposit of money, the proper clearing of deposited checks through the bank on which the check is drawn [hereinafter referred to as the "drawee" bank], as well as, the deposit or posting to the checking account of other legitimate financial instruments or credits), which a bank will make available to a checking account customer to cover the payment of checks drawn on the account or for other types of withdrawal.

(b) The "numerical balance" in a checking account is the total mathematical amount of credit posted as being on deposit in the account on any given day.  This amount could be greater than the "available balance" in a checking account, if, for example: (1) deposit items such as checks have not yet been presented for payment and honored by the banks or other financial institutions on which those deposit items are drawn, a process commonly known as clearing; or (2) there are checks that will ultimately be returned unpaid by the drawee bank to the bank into which they were deposited because they are drawn on insufficient legitimate funds to cause the drawee bank to honor the check when presented for payment; or (3) when the drawee bank refuses to honor checks drawn on its account upon its discovery that the balance in the account has been artificially and fraudulently inflated as a result of a scheme to defraud commonly referred to as a "check kite."

(c) A check "clears" an account when the check is processed, honored and paid by the drawee bank. If the drawee bank determines that there are not sufficient available funds in the account to cover the check, then the check never clears. Instead, the issuing bank returns the check and notifies the bank into which the check was deposited that there are not sufficient available funds in the checking account at the issuing bank, and, therefore, the check will not be honored.

(d) "Check kiting" consists of drawing checks on an account in one bank and depositing them in an account in a second bank when neither account has sufficient funds to cover the amounts subsequently drawn.

**The Scheme**

5.     From on or about October 27, 2013, and ending on or about November 8, 2013, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," devised a scheme and artifice to defraud First Financial Bank and to obtain moneys, funds, or other property owned by or under the custody or control of First Financial Bank by means of materially false or fraudulent pretenses, representations, or promises. It was part of the scheme and artifice that Defendant created false, fictitious and fraudulently inflated balances in checking accounts at First Financial Bank by depositing checks drawn on Chase Bank accounts, which did not have sufficient funds to cover. Defendant subsequently – and before First Financial Bank could detect it – spent the funds made available to him by those deposited checks, which were later returned for insufficient funds.

**The Execution**

6.     On or about November 8, 2013, in the Southern District of Ohio, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine

9

Jamison," knowingly and willfully executed and attempted to execute the scheme and artifice to defraud in that Defendant deposited into the First Financial Bank, the below listed insufficient funds checks drawn on an account at Chase Bank:

| Count | Check Number and Amount | First Financial Bank Account |
|-------|-------------------------|------------------------------|
| 28 | Check # 134; $900 | Account opened in name of individual with initials "E.W." and ending in 0503 |
| 29 | Check # 144; $2,800 | Account opened in name of Defendant and ending in 0571 |

**All in violation of Title 18, United States Code, Section 1344.**

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 12 and 21 through 29 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offenses in violation of 18 U.S.C. §§ 1343, 1341, 641 and 1344 set forth in Counts 1 through 12 and 21 through 29 of this Indictment, Defendant JAMES JAMISON, a/k/a "James Anthony Jamison," "James A Jamison," and "Jermaine Jamison," shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of money equal to the amount of proceeds Defendant James Jamison obtained as a result of the offenses.

If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without

difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

**All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).**

A True Bill.

_____
Grand Jury Foreperson

CARTER M. STEWART
United States Attorney

BRENDA S. SHOEMAKER
Financial Crimes Chief

11