UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:14-cr-46 |
| | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| JAMES JAMISON, | : | |
| | : | |
| Defendant. | : | |

**ORDER AND ENTRY GRANTING DEFENDANT'S MOTIONS FOR TRANSCRIPT[S] (Docs. 52, 62), AND APPOINTING STANDBY COUNSEL**

This criminal case is before the Court on Defendant's motions for transcript[s] (Docs. 52, 62) and attorney Paul Laufman's request to be appointed as stand-by counsel for Defendant.

A. Appointment of Standby Counsel

The Court previously appointed attorney Paul Laufman to represent Defendant pursuant to the Criminal Justice Act. (Doc. 23). Subsequently, Defendant filed a motion to proceed *pro se*. (Doc. 54). The Court granted Defendant's motion after engaging in a formal, searching inquiry as required by *Faretta v. California*, 422 U.S. 806 (1975), to ensure that Defendant's request to represent himself and waive counsel was knowing, intelligent, and voluntary. (Doc. 58). At the hearing on Defendant's motion to proceed *pro se*, attorney Paul Laufman requested to be appointed as standby counsel for Defendant. Defendant did not object to the appointment of Mr. Laufman as standby counsel, and upon the Court's inquiry, stated that he would like the Court to appoint Mr. Laufman as standby counsel.

The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183, (1984); *Faretta v. California*, 422 U.S. 806, 834 n.36, (1975).  A defendant's Sixth Amendment rights are not violated when a court appoints standby counsel "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle*, 465 U.S. at 184.

A defendant's rights are "not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete." *Id.* at 183. They are also not "infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.*   Further, at trial, participation by standby counsel is allowable "to steer a defendant through the basic procedures . . . even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense." *Id.*

Reviewing these principles, the Court hereby appoints Mr. Laufman as standby counsel.  To the extent possible, Mr. Laufman shall explain and enforce basic rules of courtroom protocol, procedure, and decorum, and shall, when asked by Defendant, help Defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that

Defendant himself has clearly indicated that he wants to complete. Mr. Laufman may also, upon Defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Mr. Laufman shall, upon request of the Court, help with the "basic mechanics" of trial preparation and trial, including such things as supplying court forms, advising Defendant about courtroom procedures, or helping with issues otherwise "attendant to routine clerical or procedural matters." *McKaskle*, 465 U.S. at 184-85. Finally, the Court may ask Mr. Laufman to represent Defendant should the defendant decide that he no longer wants to represent himself, or if the termination of self-representation becomes necessary

B.  Motions for Transcript[s]

Defendant asks the Court to provide him with a transcript of a status conference held on August 20, 2015, as well as a transcript of a hearing held on September 14, 2015.[1] Defendant, now proceeding *pro se*, does not state the basis for the requested transcripts.

"[A]s a matter of equal protection … the [government] must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *accord United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978) ("[i]t is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the

---

[1] While Defendant does not expressly state that he lacks the financial means to pay for the transcript, Defendant, who has been incarcerated since at least June 2014, was previously found indigent and appointed counsel pursuant to the Criminal Justice Act. (Doc. 23). Therefore, for purposed of this Order, the Court will construe Defendant's motions as motions for transcripts without costs.

government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding"). Additionally, an indigent criminal defendant has a statutory right to obtain transcripts, without cost, if the defendant is proceeding under the Criminal Justice Act (18 U.S.C. § 3006A).  *See* 28 U.S.C. § 753(f).  An indigent defendant is not required to set forth a "particularized need" for the transcripts requested. *Britt*, 404 U.S. at 228.

Here, Defendant, now proceeding *pro se*, may file pre-trial motions until October 14, 2015.  (Doc. 58).  The Court will set a trial date after Defendant's motions are considered.  (*Id.*).  Although Defendant has not expressly stated that the requested transcripts are necessary for his pre-trial motions, the Court finds that the transcripts would be valuable to the Defendant in connection with the pre-trial motions and the trial, and there is no alternative device that would fulfill the same functions as a transcript. Accordingly, Defendant's motions for transcript[s] are granted.[2]

**IT IS SO ORDERED**.

Date:  9/24/15  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[2] To obtain the transcripts without expense, Defendant must complete and return form CJA 24.  Mr. Laufman, in his role of standby counsel, shall assist Defendant with the completion of form CJA 24 and prompt return of the form to the Court.